United States District Court
Southern District of Texas
**ENTERED**
April 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTERS LLC, | § § § | CIVIL ACTION NO. 4:19-cv-01692 |
| Plaintiff, | § § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| AAA TEXAS LLC, *et al.*, Defendants. | § § § | |

**OPINION GRANTING
MOTION FOR SUMMARY JUDGMENT**

Before the Court is a motion by Defendant AAA Texas LLC for summary judgment. Dkt 9. The issue is whether it is a proper party to this ERISA action for denial of benefits. Plaintiff Experience Infusion Centers LLC responded and also requested time for discovery under Rule 56(d). Dkt 10.

The request for discovery is denied. Summary judgment is granted in favor of AAA Texas.

1. Background

Underlying this dispute is an assignment of medical benefits by nonparty John Cservek to Experience Infusion in exchange for $208,409.65 of medical services. Dkt 15 at ¶ 17. The amended complaint is rather devoid of detail about Cservek. Experience Infusion indirectly alleges that he is an employee of AAA Texas. Id at ¶¶ 5, 13. AAA Texas establishes by affidavit that he is not and has never been an employee of AAA Texas, but rather, he is the spouse of an employee. Dkt 9-1 at ¶ 3. Experience Infusion does not dispute this in its response.

Experience Infusion originally sued only Cservek and AAA Texas. Dkt 1-4. AAA Texas moved for summary judgment prior to discovery, raising the issue under consideration that it is not a proper party. Dkt 9 at 2. Experience Infusion in reaction moved to amend its complaint, dropping Cservek as a defendant and adding Blue Cross, Blue Shield of Texas (BCBS). Dkt 14. It now sues both AAA Texas (as employer) and BCBS (as plan administrator) for wrongful denial of benefits under ERISA § 502(a)(1)(B), 29 USC § 1132(a)(1)(B).

Experience Infusion alleges that its business is to "provide infusion therapy" and that it provided such treatment to Cservek on referral from a physician due to an undisclosed diagnosis. Dkt 15 at ¶¶ 11–12. It also alleges in conclusory terms that AAA Texas wrongfully denied payment. Id at ¶ 20. It pleads no facts related to any attempted collection of the amount asserted as owed. It does assert that it exhausted administrative remedies but states no facts in this regard. See id at ¶ 23.

The amended complaint contains little detail about the medical plan at issue. It quotes an "assignment of benefits" provision. Dkt 15 at ¶ 5. But it neither quotes from nor describes any other aspect of the plan. It alleges that BCBS is "the plan administrator." Id at ¶ 14. It also alleges that AAA Texas is a fiduciary "as the administrator" of the plan. Id at ¶ 13. It pleads no facts related to either contention.

The Court held a status conference on September 27, 2019 where it also heard argument on the pending motion. Dkt 23. The Court granted the then-pending motion to amend the complaint. Id at 6. As to proper party, the Court gave Experience Infusion one week to file a further amended complaint removing AAA Texas if determined not to be a proper party. Otherwise, the Court would rule upon the motion by AAA Texas. Id at 7. Experience Infusion chose to stand on its response to the motion for summary judgment, asserting that it sufficiently establishes AAA Texas as a proper party. Dkt 26 at 3. It also stood by its amended complaint as sufficient, noting that "no further subsequent amendments need be made at this time." Id at 2.

This matter was reassigned to this Court on November 4, 2019. Dkt 27.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the moving party establishes that it is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact. See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Fifth Circuit holds that a fact is *material* if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v Lone Star State of Texas*, 560 F3d 316, 326 (5th Cir 2009) (citations omitted). And the Fifth Circuit holds that a *genuine dispute of material fact* exists "when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015), quoting *Anderson v Liberty Lobby*, 477 US 242, 248 (1986).

A court reviewing a motion for summary judgment must draw all reasonable inferences in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008). The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice*, 783 F3d at 536 (citation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 323 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (citations omitted). To meet this burden of proof, the evidence must be both competent and admissible at trial. *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citations omitted).

Rule 56 in no way requires that any discovery take place before summary judgment can enter. *Washington v Allstate Insurance Co*, 901 F2d 1281, 1285 (5th Cir 1990); see also *Baker v American Airlines Inc*, 430 F3d 750, 756 n 9 (5th Cir 2005). But it does allow a nonmovant to request a delay of summary judgment if shown by affidavit or declaration that "it cannot present facts

3

essential to justify its opposition." FRCP 56(d). A nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *American Family Life Assurance Co of Columbus v Biles*, 714 F3d 887, 894 (5th Cir 2013), quoting *Raby v Livingston*, 600 F3d 552, 561 (5th Cir 2010). Any entitlement to discovery under Rule 56(d) "is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington*, 901 F2d at 1285, citing *Paul Kadair Inc v Sony Corp of America*, 694 F2d 1017, 1029–30 (5th Cir 1983).

Where it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment. *Raby*, 600 F3d at 561, quoting *Access Telecom Inc v MCI Telecommunications Corp*, 197 F3d 694, 720 (5th Cir 1999).

3. Analysis

AAA Texas argues that it is not and cannot be held liable in an action seeking to enforce rights under an ERISA plan because it is neither the plan itself nor an entity that exercised any control over the plan. Dkt 9 at 4; Dkt 12 at 3.

Experience Infusion argues that a "universe of possible defendants" can potentially be liable under an ERISA plan. Dkt 10 at 6–7, citing *Harris Trust and Savings Bank v Salomon Smith Barney Inc*, 530 US 238, 246 (2000); *Schultz v Aviall Inc Long Term Disability Plan*, 670 F3d 834, 836 (7th Cir 2012); *Friedman v Pension Specialists Ltd*, 2012 WL 983784, *3 (ND Ill). But the Fifth Circuit has clarified that "a party will be exposed to liability only if it exercises 'actual control' over the administration of the plan." *LifeCare Management Services LLC v Insurance Management Administrators Inc*, 703 F3d 835, 844 (5th Cir 2013) (citations omitted); see also *Mid-Town Surgical Center LLP v Humana Health Plan of Texas Inc*, 16 F Supp 3d 767, 778 (SD Tex 2014). Indeed, Experience Infusion elsewhere recognizes this as controlling law. Dkt 10 at 7. The question, then, is simply whether it musters the evidence to raise a genuine dispute of material fact about this requirement.

AAA Texas submits an affidavit from its "Senior HR Consultant" to establish several evidentiary points:

- That AAA Texas is not an ERISA "employee welfare benefit plan," does not maintain or administer any such plan, and did not maintain or administer any such plan at any time relevant to the allegations of Experience Infusion;
- That AAA Texas has not been designated as the "sponsor" or "administrator" of any such ERISA plan at any relevant time;
- That neither AAA Texas nor any AAA employee "has served in a fiduciary capacity" with respect to any such plan at any relevant time; and
- That AAA Texas "had no role in the administration or determination of any claim for medical or health benefits or the appeal of any such claim" pertaining to Cservek or services that may have been provided to him by Experience Infusion.

Dkt 9-1 at ¶¶ 4–7.

It is ultimately the burden of Experience Infusion to establish the existence of the ERISA plan and who exercised control over that plan. For example, see *Sleep Lab at West Houston v Texas Children Hospital*, 2015 WL 3507894, **9–10 (SD Tex) (addressing plaintiff's burden on motion to dismiss posture). But it provides no contradicting evidence. Its only submitted documentary evidence is a BCBS transaction form listing "Auto Club Enterprise" as the "Plan Sponsor" and BCBS as the "Payer." Dkt 10 at 22. Nothing links the document on its face to AAA Texas. And it submits no affidavit connecting the document to AAA Texas in any way.

The uncontroverted evidence establishes that AAA Texas was neither the plan nor had any *actual control* over the administration the plan. And no evidence suggests that AAA Texas played any role in the determination of a claim brought on behalf of Cservek. Experience Infusion thus fails to establish a

5

genuine dispute of material fact as to whether AAA Texas is a proper party in this action.

Experience Infusion attempts to forestall this conclusion with a request for discovery under Rule 56(d), asking "to depose the Defendant's agents (including employees) and to review the plan documents (if they exist)." Dkt 10 at 4. It "would like the opportunity to gather testimony to demonstrate actual-control, outside of any contractual designation." Id at 5.

Rule 56(d) places the burden on Experience Infusion to establish that "specified facts" supporting its assertions "probably exist." See *American Family Life*, 714 F3d at 894. It cannot rely on "vague assertions" that discovery "will produce needed, but unspecified, facts." Ibid. Experience Infusion in no way meets this burden. Even looking beyond its Rule 56(d) affidavit, it alleges no facts in the amended complaint that AAA Texas exercised control over the ERISA plan. See generally Dkt 15. And of considerable import, Experience Infusion fails to provide even a single document with AAA Texas's name on it. No affidavit or document refers to any denial of benefits by AAA Texas or any attempted collection of the amount from it. And even though Experience Infusion purports to have exhausted administrative remedies, it submits not a single document in that regard. See Dkt 15 at ¶ 23. In short, nothing in any way suggests control by AAA Texas or any relation to a denial of benefits.

AAA Texas also notes that admissible evidence in an ERISA action is generally limited solely to the administrative record, making discovery beside the point. Dkt 12 at 3–4; for example, see *Jackson v NFL Disability & Neurocognitive Benefit Plan*, 2017 WL 2573404, \*4 (SD Tex). While true, the Fifth Circuit has left open the possibility for discovery to resolve questions outside the merits of the coverage determination that may arise in an ERISA action. *Crosby v Louisiana Health Service and Indemnity Co*, 647 F3d 258, 263 (5th Cir 2011). But any such discovery "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." Id at 264, quoting *Murphy v Deloitte & Touche Group Insurance Plan*, 619 F3d 1151, 1163 (5th Cir 2010). A burdensome and harassing fishing expedition is precisely what Experience Infusion requests.

6

On the record presented by Experience Infusion, it appears to the Court that further discovery will not provide evidence creating a genuine issue of material fact on the point raised by AAA Texas. *Raby*, 600 F3d at 561. Experience Infusion thus fails to meet its burden under Rule 56(d) to allow time to take discovery.

The Court holds as a matter of law that AAA Texas is not a proper party to this action. AAA Texas argued in the alternative that Experience Infusion also failed to allege that any denial of benefits owed was arbitrary and capricious. Dkt 9 at 5–6. The Court finds no need to address this argument.

4. Conclusion

The motion by AAA Texas for summary judgment is GRANTED. Dkt 9.

The Court DISMISSES WITH PREJUDICE all claims against AAA Texas LLC.

SO ORDERED.

Signed on April 20, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge